

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,435-01

## EX PARTE JERMAL DESHANNON WILLIAMS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1555851-A
## IN THE 176TH DISTRICT COURT HARRIS COUNTY

FINLEY, J., filed a dissenting opinion in which PARKER, J., joined.

## DISSENTING OPINION

This is an Officer Gerald Goines case. Applicant raises two claims for post-conviction relief: (1) he "was denied due process when the State used material false evidence to induce his guilty plea"; and (2) his "guilty plea was involuntary." Today, the Court agrees with Applicant's involuntary plea claim and grants Applicant post-conviction habeas relief. But here, the evidence in

the record rebuts any presumption of falsity. Thus, Applicant is not entitled to post-conviction habeas relief. I respectfully dissent.

I.    Background

a.  The Facts from Officer Gerald Goines's Police Report[1]

On June 19, 2017, Officer Gerald Goines was undercover in an unmarked vehicle in a high-traffic drug area in Houston, Texas. Parked at the intersection of Albury and West Bellfort, Officer Goines was approached by a female, later identified as Patricia Ann Franklin. Franklin got into Officer Goines's vehicle and informed him that she knew a person who had "work" to sell. "Work," in Officer Goines's training and experience, meant crack cocaine. Franklin asked Officer Goines for money to purchase the cocaine, and he handed her $20 in cash. Franklin directed Officer Goines to two nearby locations, but the person was not found. Franklin then called an unknown male subject and told him some "work" was needed. The unknown male subject told Franklin that he had it and would meet her at an apartment complex in the 6200 block of West Bellfort.

Officer Goines drove Franklin to the agreed-upon location. A white Ford Taurus arrived soon thereafter. Franklin exited Officer Goines's vehicle,

---

[1] The official police report's text is fully capitalized. The capitalization has been converted to lower case for ease of reading.

walked to the driver's side of the Taurus, and handed the male driver the $20 bill. The male handed Franklin an object in return. Franklin returned to Officer Goines's vehicle and gave him a rock-like substance. She told Officer Goines that the male only had "twenties," which is a term for $20 of crack cocaine. The rock-like substance later field tested positive for cocaine.

After purchasing the narcotics for Officer Goines, Franklin requested money from him. He gave her $5. Franklin then asked Officer Goines to purchase her a beer. She directed Officer Goines to a nearby convenience store. Officer Goines gave Franklin $3 and told her to buy two beers. When Franklin left to buy the beers, Officer Goines notified other police officers to arrest her.

Simultaneous to the beer run, other officers from the south narcotic division followed the Taurus as it drove away from the apartment complex. A description of the Taurus was communicated to uniformed officers from the "Gessner Sub-Station." The uniformed officers stopped the Taurus in the 11100 block of Larkwood. They observed the male subject driver making an overt motion by throwing an object after the stop. The male subject was later identified as Applicant. A narcotics officer and his K-9 were called to the scene. The K-9 alerted for the presence of narcotics in the vehicle. A search of the vehicle was performed by the arresting officers. In the vehicle, the officers found 93.7 grams of liquid codeine in a bottle laying on the passenger's seat

and $1,185 in currency. The arresting officers also found the $20 bill that Officer Goines used to purchase the rock of cocaine in Applicant's front right pocket.[2] After the arrests, Officer Goines positively identified both Applicant and Franklin as having participated in the drug buy.

**b. The Plea**

On September 8, 2017, a grand jury indicted Applicant of the felony charge of delivery of a controlled substance, specifically cocaine "weighing by aggregate weight, including any adulterants and dilutants, less than [one] gram." Two prior state jail felony convictions were included in the indictment as enhancements: (1) forgery and (2) possession of a controlled substance. If convicted, Applicant was facing two to ten years' imprisonment.[3]

On September 14, 2017, while represented by counsel, Applicant and the State entered into a plea bargain agreement in which Applicant pleaded guilty to delivery of cocaine of less than one gram. In exchange for Applicant's plea of guilty, the State recommended three days confinement on the state-jail felony offense, punished as a Class A misdemeanor,[4] and agreed to abandon both enhancement paragraphs. The trial court granted the State's motion to

---

[2] The offense report states: "The currency used to purchase[] the narcotic in this incident was found on the male suspect (frt right pocket)."

[3] TEX. PENAL CODE §§ 12.425(a), 12.35(a) (West 2016).

[4] TEX. PENAL CODE § 12.44(a) (West 2016).

abandon the enhancements and motion for reduced punishment, and sentenced Applicant to three days confinement, in accordance with the plea deal.

### c. Post-Conviction Proceedings

In March of 2019, the Harris County District Attorney's Office sent a letter to Applicant, disclosing that Officer Goines had been relieved of duty and was under criminal investigation. In November of 2024, five years after receiving that letter, Applicant filed this application for writ of habeas corpus.

Applicant alleges two grounds for post-conviction habeas relief: (1) he "was denied due process when the State used material[,] false evidence to induce his guilty plea"; and (2) his guilty plea was involuntary. First, Applicant alleges that Officer "Goines was the State's sole witness against [him, and] the State cannot rebut the inference that [Officer] Goines provided false information regarding the allegations in this case, either by providing other witnesses or supporting evidence." Applicant contends that the offense report was material, thereby entitling him to relief. Second, Applicant alleges that Officer Goines's undisclosed pattern of falsifying evidence in official police reports and court documents rendered his plea involuntary because had he known of that conduct, he would have insisted on going to trial. Applicant's

unsworn declaration asserts that he did not "commit this offense," "possess any drugs on June 19, 2017," or "give any drugs to Gerald Goines or anyone else."

On February 13, 2025, the habeas court, without holding an evidentiary hearing, adopted the State and Applicant's agreed proposed findings of fact and conclusions of law. The habeas court recommends that this Court grant relief. The following excerpts from the adopted document are pertinent to my discussion below:[5]

> 14. In contrast to *Coty*, the Court finds the State has not presented evidence which effectively rebuts the presumptively false evidence. *Cf. Coty*, S.W.3d at 344.
>
> 15. Applicant's unsworn declaration contains the following regarding Goines' pattern of false evidence: "If I had known that Goines was making up charges against other people during the same time he was lying about me, I would not have pleaded guilty. If I could somehow have shown that he was doing this to other people too, I would have insisted on a trial." (*Ex. F., Unsworn Declaration*).
>
> 16. The Court finds this portion of Applicant's unsworn statement relevant and credible considering Goines' multiple documented instances of misconduct between 2008 and 2019.
>
> 17. The Court finds Applicant's plea to be involuntary. *Barnaby*, 475 S.W.3d at 325–26.

* * *

---

[5] These findings and conclusions appear boilerplate for any habeas application involving Officer Goines. *See, e.g.*, *Ex parte Mills*, 710 S.W.3d 764, 766 (Tex. Crim. App. 2025) (Finley, J., dissenting).

19. The Court concludes Applicant successfully demonstrates by a preponderance of the evidence that the presumptively false evidence provided by Goines in the offense report is material, and that the Applicant is entitled to habeas corpus relief. *Cf. Coty*, 432 S.W.3d at 344.

20. The Court also concludes Applicant successfully demonstrates by a preponderance of the evidence that his plea was involuntary. *Cf. Barnaby*, 475 S.W.3d at 325–26.

Today, the Court agrees with the habeas court and grants relief on Applicant's involuntary plea claim because he did not know of Officer Goines's bad acts when pleading guilty. *See* Maj. Op. at 1–2. In doing so, the Court relies on *Ex parte Mathews,* 638 S.W.3d 685 (Tex. Crim. App. 2022), *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014), and *Brady v. United States*, 397 U.S. 742 (1970). But Applicant did not establish a presumption of falsity, so his false evidence claim fails at step one. Applicant is not entitled to relief.

## II. Analysis

### a. Applicable Law

The State's use of *material* false testimony violates a defendant's due-process rights under the Fifth and Fourteenth Amendments of the United States Constitution. *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). To successfully bring a false evidence due process claim on habeas, an applicant must demonstrate that the evidence in question was false and material. *Id.* In unique situations, an applicant may establish the falsity

requirement via a rebuttable inference rather than by proving it with direct evidence. *Coty*, 418 S.W.3d at 604–06 (lab technician); *Mathews*, 638 S.W.3d at 690–91 (one such example is "cases involving police officers who display a pattern of mendacity in obtaining drug arrests and convictions"). An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Ex parte Morrow*, 952 S.W.2d 530, 535 (Tex. Crim. App. 1997).

When an applicant alleges that a police officer falsified evidence, an applicant establishes a rebuttable inference of falsity by proving: (1) the officer in question is a state actor; (2) that officer has "committed multiple instances of misconduct 'in another case or cases'"; (3) that officer is "the same state actor in the current case"; (4) that officer's "previous misconduct is of a kind 'that would have affected the evidence in' [a]pplicant's case"; and (5) that officer acted "'within roughly the same period of time' that he committed his other acts of misconduct." *See Mathews*, 638 S.W.3d at 691 (citing *Coty*, 418 S.W.3d at 605). If an applicant establishes those five factors, then the State may rebut the inference of falsity. *Id.* at 690. Assuming the State fails to rebut the inference, an applicant must then prove that the inferentially false evidence was material. *Ex parte Barnaby*, 475 S.W.3d 316, 325 (Tex. Crim. App. 2015) (per curiam). In plea bargain cases, such as Applicant's, the materiality

question asks the following: "Would the defendant, knowing of the falsity of the evidence, still have plead[ed] guilty or would he have insisted on going to trial?" *See id.* "If he would have chosen trial, the false evidence was material." *Id.* at 326.

### b. The presumption of falsity has been rebutted.

Even if Applicant is entitled to a rebuttable inference of falsity, there is sufficient evidence in the record to rebut that presumption. With the facts before us, only one of two mutually exclusive situations can be true: (1) Applicant did not deliver cocaine to Franklin, who then gave the cocaine to Officer Goines; or (2) Officer Goines, through Franklin, successfully purchased cocaine from Applicant. But here, several other witnesses could have corroborated parts of Officer Goines's account or could have corroborated Applicant's version of events.

To start, Franklin could have corroborated Applicant's story. Had Applicant not sold the crack cocaine—as he now claims in his unsworn declaration—then Franklin would have testified as such at trial. Instead, Applicant, with knowledge of whether or not Franklin was involved in the transaction, chose to plead guilty. Moreover, officers other than Officer Goines stopped and arrested Applicant. The officers from the south narcotic division gave a description of the Taurus to uniformed officers from the "Gessner Sub-

Station." Those uniformed officers stopped the Taurus and searched it, finding over ninety grams of liquid codeine and over one thousand dollars in currency. That evidence supported Officer Goines's statement that Applicant was dealing narcotics. Additionally, the arresting officers found in Applicant's front right pocket the exact same $20 bill that Officer Goines had given Franklin to purchase the crack cocaine. Applicant did not contend that anyone planted the $20 bill on his person. Applicant's habeas application is curiously silent as to this mysterious $20 bill that directly links him to the crime to which he pleaded guilty.

In his unsworn declaration, Applicant alleges that Officer Goines's undisclosed pattern of falsifying evidence in official police reports and court documents rendered his plea involuntary because had he known of such conduct, he would have insisted on going to trial. Applicant's unsworn declaration asserts that he did not "commit this offense," "possess any drugs on June 19, 2017," or "give any drugs to Gerald Goines or anyone else." But because of evidence in the record from other sources—Franklin and the other arresting officers—we know that Applicant's assertions are not true. How else would the mysterious $20 bill have made its way into Applicant's pocket if he had not exchanged it for the crack cocaine Franklin handed to Officer Goines? Applicant also implicitly admits that part of the offense report is true. His

unsworn affidavit also says, "The police took my money and car and never gave them back to me." So according to Applicant, the arresting police officers found money and seized the car. Those facts are reflected in the offense report, thereby demonstrating that at least part of the report must be true. Thus, Applicant alleges that the incriminating portion of the offense report is false and the rest of it is accurate. This part-and-parcel based approach to the offense report is unique and unlike other Officer Goines false evidence claims. Rather than alleging that all the report is false—which this Court has previously granted relief upon—Applicant contends that only some of the offense report is false. A prototypical "Goines" habeas application is one where Officer Goines's word is pitted against the word of the applicant. In that situation, the veracity of the entire offense report is at issue. But on this record, other people were present, and Officer Goines's report is, by Applicant's own admission, at least partially truthful. Even though the State has acquiesced to the granting of relief, I would not grant Applicant relief, because Applicant failed to demonstrate falsity in his false evidence claim.

## III.   Conclusion

There is more than sufficient evidence in the record that rebuts any presumption of falsity under *Coty* and *Mathews*. I would deny Applicant post-

conviction habeas relief. Because the Court does not, and instead grants Applicant involuntary plea relief, I respectfully dissent.

**Filed: June 18, 2025**
**Publish**